# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **JOSHUA CASTLEBERRY,** | ) | **Case No. 1:20-CV-00218** |
| **c/o Malik Law** | ) | |
| **8437 Mayfield Rd. Suite 101** | ) | **JUDGE DONALD C. NUGENT** |
| **Chesterland, OH 44026,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **FIRST *AMENDED* COMPLAINT** |
| **v.** | ) | |
| | ) | |
| **CUYAHOGA COUNTY** | ) | |
| **1219 Ontario Street** | ) | **Jury Demand Endorsed Hereon** |
| **Cleveland, Ohio 44113** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **KENNETH MILLS** | ) | |
| **JAIL DIRECTOR** | ) | |
| **Cuyahoga County Sheriff Department** | ) | |
| **1215 West 3rd Street** | ) | |
| **Cleveland, Ohio 44113** | ) | |
| | ) | |
| **Individually and in His Official** | ) | |
| **Capacity as the Jail Director for the** | ) | |
| **Cuyahoga County Sheriff's** | ) | |
| **Department (former)** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ERIC J. IVEY** | ) | |
| **WARDEN** | ) | |
| **Cuyahoga County Sheriff Department** | ) | |
| **1215 West 3rd Street** | ) | |
| **Cleveland, Ohio 44113** | ) | |
| | ) | |
| **Individually and in His Official** | ) | |
| **Capacity as the Warden for the** | ) | |
| **Cuyahoga County Sheriff's** | ) | |
| **Department (former)** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **OFFICER JOHN WILSON** | ) | |
| **OFFICER JASON A. JOZWIAK** | ) | |

**OFFICER BRANDON HONACKER**
**OFFICER BARRY HICKERSON**
**OFFICER FREDERICK BARTHANY**
**OFFICER RANDY PRITCHETT**
**SERGEANT DONALD F. MATEJKA**
**SERGEANT WILLIAM BREWER**
**OFFICER DAMEIN BODEKER**
**OFFICER CLARK**
**Cuyahoga County Sheriff Department**
**1215 West 3rd Street**
**Cleveland, Ohio 44113**

**Individually and in Their Official**
**Capacities as Employees of the**
**Cuyahoga County Sheriff's**
**Department**

**and**

**JOHN DOE #1**
**Cuyahoga County Sheriff Department**
**1215 West 3rd Street**
**Cleveland, Ohio 44113**

**Individually and in Hi Official**
**Capacity as Corrections Staff**
**Employees of the Cuyahoga County**
**Sheriff's Department**

**and**

**KRISTINA CASHIN, RN**
**JOHN AND JANE DOES # 4-6**
**The MetroHealth System**
**2500 MetroHealth Drive**
**Cleveland, Ohio 44109**

**Individually and in Their Official**
**Capacities as Medical Staff in the**
**Cuyahoga County Correction Center**

**Defendants.**

## I.    PRELIMINARY STATEMENT

2

1. This civil rights case seeks redress for the violation of Plaintiff Joshua Castleberry's Fourth, Eighth, and Fourteenth Amendment constitutional rights. Joshua brings this civil rights action to secure fair compensation and to encourage Defendants Cuyahoga County, Mills, Ivey, and Officers Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, and Doe #1 to refrain from the unnecessary, illegal, gratuitous, unreasonable, unconstitutional, and excessive use of force against unarmed and non-threatening citizens in the future. Joshua also brings this civil rights action to secure fair compensation and to encourage the Defendants Cuyahoga County, Mills, Ivey, Officers Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, Doe #1, Nurse Cashin, and Does #4-6 to refrain from denying medical care to inmates with serious medical needs, and to prevent cruel and unusual punishment of inmates.

2. The illegal and unconstitutional conduct that is the subject of this Complaint was known, approved, and ratified by agents/employees of Defendant Cuyahoga County, including Defendant Mills, Defendant Ivey, Defendant Matejka, and Defendant Brewer who failed to report, review, and conduct a meaningful and adequate investigation into Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, Doe #1's illegal use of force.

3. The illegal and unconstitutional conduct that is the subject of this Complaint was known, approved, and ratified by agents/employees of Defendant Cuyahoga County, including Defendant Mills, Defendant Ivey, Defendant Matejka, and Defendant Brewer who failed to report, review, and conduct a meaningful and adequate investigation into Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, Doe #1's

Nurse Cashin, and Does #4-6's deliberate indifference to Joshua Castleberry's serious medical needs.

4. The illegal and unconstitutional conduct that is the subject of this Complaint was known, approved, and ratified by agents/employees of Defendant Cuyahoga County, including Defendant Mills, Defendant Ivey, Defendant Matejka, and Defendant Brewer who failed to report, review, and conduct a meaningful and adequate investigation into Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, Doe #1's Nurse Cashin, and Does #4-6'sthe cruel and unusual punishment of Joshua Castleberry.

5. Defendant Cuyahoga County, Defendant Mills, Defendant Ivey, Defendant Matejka, and Defendant Brewer failed to properly train and supervise Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, Doe #1, Nurse Cashin, and Does #4-6.

6. Defendant Cuyahoga County, Defendant Mills, Defendant Ivey, Defendant Matejka, and Defendant Brewer created and consistently allowed a pattern and practice of SRT members and other Cuyahoga County corrections officers, corporals, and sergeants to falsely and deceptively report incidents.  Defendant Cuyahoga County, Defendant Mills, Defendant Ivey, Defendant Matejka, and Defendant Brewer ratified this conduct by taking obviously false and contradictory reports of CCCC officers as the truth.

7. Defendant Cuyahoga County, Defendant Mills, Defendant Ivey, Defendant Matejka, and Defendant Brewer created and consistently allowed a pattern and practice of SRT members and other Cuyahoga County corrections officers, corporals, and sergeants to violate the constitutional rights of those in custody of the CCCC.

8. Despite Joshua's obvious and serious injuries that resulted from the attack on him, Defendant Wilson, Jozwiak, Honacker, Hickerson, Bathany, Pritchett, Bodeker, Clark, Doe #1, Cashin, and Does #4-6 purposely and punitively prevented medical care to Joshua and their treatment of Joshua was cruel and unusual punishment. This conduct was approved, ratified, and encouraged by Defendant Cuyahoga County, Defendant Mills, Defendant Ivey, Defendant Matejka, and Defendant Brewer.

## II.     JURISDICTION

9. Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

10. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367.

11. Venue is proper in this division.

## III.     THE PARTIES

12. Plaintiff Joshua Castleberry was at all times relevant to this action a resident of Cuyahoga County, Ohio. He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution.

13. Defendant Cuyahoga County is a unit of local government organized under laws of the State of Ohio. Defendant Cuyahoga County is also a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law.

14. Defendant Kenneth Mills was at all times relevant to this action the Jail Director of Cuyahoga County Corrections Center. Defendant Mills was at all times herein responsible for reviewing all Use of Force incidents to ensure compliance with the facility's policies. He is sued in his official and individual capacities.  Mills is a "person"

under 42 USC 1983 and at all times relevant to this case acted under color of law. Mills is a final policymaker.

15. Defendant Eric Ivey was at all times relevant to this action the Warden of Cuyahoga County Corrections Center. Defendant Ivey was at all times herein responsible for reviewing all Use of Force incidents to ensure compliance with the facility's policies. He is sued in his official and individual capacities.  Ivey is a "person" under 42 USC 1983 and at all times relevant to this case acted under color of law. Ivey is a final policymaker.

16. Defendant Officer John Wilson was at all times relevant to this action an employee of Cuyahoga County. He was serving as an SRT Officer on February 5, 2018 Defendant Wilson is sued in his individual and official capacities. Defendant Wilson is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

17. Defendant Officer Jason A. Jozwiak was at all times relevant to this action an employee of Cuyahoga County. He was serving as a Corporal on February 5, 2018. Defendant Jozwiak is sued in his individual and official capacities. Defendant Jozwiak is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

18. Defendant Officer Brandon Honacker was at all times relevant to this action an employee of Cuyahoga County. He was serving as an SRT Officer on February 5, 2018 Defendant Honacker is sued in his individual and official capacities. Defendant Honacker is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

19. Defendant Officer Barry Hickerson was at all times relevant to this action an employee of Cuyahoga County. He was serving as an SRT Officer on February 5, 2018 Defendant Hickerson is sued in his individual and official capacities. Defendant Hickerson is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

20. Defendant Officer Frederick Barthany was at all times relevant to this action an employee of Cuyahoga County. He was serving as an SRT Officer on February 5, 2018 Defendant Barthany is sued in his individual and official capacities. Defendant Barthany is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

21. Defendant Officer Randy Pritchett was at all times relevant to this action an employee of Cuyahoga County. He was serving as an SRT Officer on February 5, 2018 Defendant Pritchett is sued in his individual and official capacities. Defendant Pritchett is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

22. Defendant Donald F. Matejka was at all times relevant a Sergeant of Cuyahoga County Corrections Center. Defendant Matejka was at all times herein responsible for reporting Use of Force incidents to ensure compliance with the facility's policies. He is sued in his official and individual capacities.  Matejka is a "person" under 42 USC 1983 and at all times relevant to this case acted under color of law.

23. Defendant William Brewer was at all times relevant a Sergeant of Cuyahoga County Corrections Center. Defendant Brewer was at all times herein Chairperson of the Institutional Discipline Committee. He is sued in his official and individual capacities.

Brewer is a "person" under 42 USC 1983 and at all times relevant to this case acted under color of law.

24. Defendant Officer Damein Bodeker was at all times relevant to this action an employee of Cuyahoga County. He was serving as a Corporal on February 5, 2018. Defendant Bodeker is sued in his individual and official capacities. Defendant Bodeker is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

25. Defendant Officer Clark was at all times relevant to this action an employee of Cuyahoga County. He was serving as a Corporal on February 5, 2018. Defendant Clark is sued in his individual and official capacities. Defendant Clark is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

26. Defendant John Doe #1 was at all times relevant to this action a correctional employee of Cuyahoga County. He was an employees of the Cuyahoga County Sheriff's Department. Defendant Doe #1 is sued in his individual and official capacity. Defendant Doe #1 is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

27. Defendant Kristina Cashin, RN, is and was at all times relevant to this action a nurse employed in the CCCC.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  She is sued in her individual and official capacity.

28. Defendants John and Jane Does #4-6 were at all times relevant to this action medical staff in the CCCC. Defendant Does #4-6 are sued in their individual and official capacities.

8

Defendant Does #4-6 are persons under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

## IV. FACTS

### A. The Violent Unconstitutional Attack on Plaintiff Joshua Castleberry

29. On December 2, 2017, Plaintiff Joshua Castleberry was arrested in the City of Cleveland after an argument with his brother.

30. Plaintiff Joshua Castleberry is an Army Veteran and served his country for two years. Private Second Class Castleberry was honorably discharged.

31. On February 5, 2018 at approximately 7:14 pm, Defendant Wilson, a member of the Special Response Team ("SRT") aka "The Men in Black", passed out sandwiches to inmates in Jail 1, 10A Pod in the CCCC.

32. Joshua and a fellow inmate informed Defendant Wilson that their sandwiches were extremely stale.

33. Defendant Wilson gave the other inmate a new sandwich and ignored Joshua without explanation.

34. When Joshua questioned why he was not given a new sandwich, Defendant Wilson immediately lost his temper and told Joshua to turn around and go to the back of his cell.

35. Joshua complied, went to the back of his cell and put his hands up on the window.

36. As Joshua complied with Defendant Wilson's orders, he told Defendant Wilson that all he wanted was a fresh sandwich like the other inmate had received.

37. Joshua then told Defendant Wilson that he "was on some bullshit."

38. Defendant Wilson, obviously angered by Joshua's comments, replied, "We can't have this", and pulled out his OC spray.

39. Then for no reason, Defendant Wilson suddenly, unreasonably, gratuitously, and excessively pepper sprayed Joshua in his face.

40. Defendant Wilson then violently took Joshua to the ground, handcuffed him, and grabbed a handful of Joshua's hair and brutally smashed Joshua's face into the concrete floor.

41. Defendant Wilson then began repeatedly punching Joshua in the mouth, face, and head.

42. Defendant Wilson then began kneeing Joshua in the chest repeatedly.

43. Joshua's mouth and nose began bleeding profusely, his eyes were burning, and his face was cut open and smashed in.

44. Defendant Wilson knocked out two of Joshua's teeth in the attack and caused a third tooth to be lodged in Joshua's nasal cavity when he slammed Joshua's face into the floor.

45. Defendant Honacker then joined in the brutal attack and pepper sprayed Joshua in his bloody face a second time.

46. Defendant Officers Wilson, Jozwiak, Honacker, Barthany, Pritchett, Bodeker, Clark, and Doe #1 then forced Joshua into a restraint chair and put a spit mask on him despite obvious signs that doing so would cause him to choke on his own blood.

47. Defendant Jozwiak "secured" the incident at approximately 7:17 pm and was an active participant in the incident with Joshua. However, Jozwiak lied to FBI and Ohio Attorney General investigators and said he never interacted with Joshua.

### B.  The Inhumane Treatment and Cruel and Unusual Punishment of Joshua Castleberry

48.  When Joshua was forced into the restraint chair, it is obvious that his face is severely injured.

49. As a result of the brutal attack, Joshua was disfigured, bloody, and having difficulty breathing.

50. Joshua, although terrified and in excruciating pain, was compliant with Defendant Officers while getting into the restraint chair.

51. Joshua was bleeding profusely from his face and the blood was pouring out onto his clothes.

52. Joshua never spit or attempted to spit at anyone.

53. Despite this and despite Joshua's severe injuries and his difficulty breathing, Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, and Doe #1 forcefully and punitively put a spit mask on Joshua.

54. The spit mask filled up with blood and Joshua began choking on his own blood.

55. Joshua was taken to the dispensary where Defendant Nurse Cashin and Does #4-6 observed that Joshua was bleeding from the mouth and had a laceration to his right eyebrow.

56. Even though Joshua had two teeth missing and another tooth lodged in his nasal cavity from the vicious assault, Defendant Nurse Cashin noted that there were no lacerations noted to mouth inside or out.

57. Despite the obvious need for emergency medical attention, Defendants Nurse Cashin and Does #4-6 cleared Joshua for transport to a restraint room instead of attending to Joshua and sending him out for the medical treatment he so desperately needed.

58. When Defendant Hickerson placed a restrained Joshua into an isolation room by himself he even questioned whether to remove the spit mask to which Defendant Jozwiak responded, "Yeah, we're leaving that mask on."

59. Once inside the isolation cell, Joshua, now afraid he was going to choke to death on his own blood, somehow managed to free his right hand to remove the spit mask so that he could breathe.

60. Joshua was so afraid of another brutal attack and beating that he wiggled his right hand back into the restraint. Joshua was shaking with fear as he did this.

61. Defendant Bodeker realized that Joshua's spit mask had been removed so he punitively forced the spit mask back over Joshua's face and head.

62. Defendant Bodeker did so even though Joshua was now alone in an isolation room with no one to spit at.

63. Defendant Bodeker did so despite the serious risk of Joshua choking on his own blood.

64. At approximately 8:15 pm on February 5, 2018, Joshua was seen by medical so that his injuries could be examined.

65. During this exam, corrections staff finally removed the spit mask.

66. Only after this happened was Nurse Grace Lagreca able to properly examine Joshua where she determined that Joshua had a bloody open laceration to the right eyelid, a bloodied mouth which appeared to be missing front teeth, and had a misshapen nose.

67. It was also determined that Joshua needed to be further evaluated in the dispensary. The dispensary nurse was apprised. But Joshua was not transferred to the dispensary.

68. At approximately 8:51 pm on February 5, 2018, Nurse Lagreca contacted Dr. Tallman and apprised him of Joshua's injuries. She again requested that corrections transfer Joshua to the dispensary. But this did not happen.

69. At approximately 9:24 pm on February 5, 2018, Defendant Cashin spoke to Dr. Tallman and it was determined that Joshua needed to be transported to the emergency room.

70. At approximately 10:03 pm on February 5, 2018, Nurse Lagreca and a Nurse Practitioner went to see Joshua in the restraint room and reiterated their request to transfer Joshua to the dispensary.

71. It was not until 10:20 pm on February 5, 2018 that Joshua was finally transferred to the dispensary.

72. Joshua was not released from the restraint chair until 10:33 pm on February 5, 2018.

73. Defendants Mills and Ivey authorized, approved, and encouraged Defendant Officers to keep the spit mask on Joshua.

74. Defendants Mills and Ivey directly authorized, approved, and encouraged Defendant Officers to prevent medical from treating Joshua.

75. Defendants Mills and Ivey directly authorized, approved, and encouraged the cruel and unusual punishment of Joshua.

76. Joshua was obviously injured and was bleeding profusely from his smashed mouth and nose.

77. Joshua lost two teeth and had another tooth lodged in his nasal cavity.

78. Joshua obviously had cuts and lacerations to his face.

79. Despite all of this, Joshua was left in a restraint chair with a spit mask over his head without the necessary medical treatment he required.

80. It was not until approximately 10:52 pm that Joshua was sent out to the hospital.

81. Joshua had been restrained, bloody, and in excruciating pain for almost four hours.

82. Joshua's injuries required surgery and facial reconstruction.

83. At all times herein, Defendant Officers Wilson and Honacker, operating under the pattern and practice of SRT members in the CCCC, attacked and severely injured Joshua.

84. Defendant Officers Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, and Doe #1, operating under the pattern and practice of SRT members, and other Cuyahoga County corrections officers and corporals, used illegal and unconstitutional force as a punishment.

85. Defendant Officers Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, and Doe # 1, operating under the pattern and practice of the CCCC, were deliberately indifferent to the obvious, serious, and dangerous medical conditions suffered by Joshua.

86. Defendants Cashin and Does #4-6 were deliberately indifferent to the obvious, serious, and dangerous medical conditions suffered by Joshua.

87. Defendant Officers Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, Doe #1, Cashin, and Does #4-6 operating under the pattern and practice of the CCCC, inflicted cruel and unusual punishment upon Joshua.

88. As a direct and proximate result of the illegal, unconstitutional, gratuitous, and unprovoked attack on Joshua, he suffered permanent and severe physical, psychological, and emotional injuries.

89. As a direct and proximate result of the illegal and unconstitutional deliberate indifference to Joshua's serious medical needs, he suffered permanent and severe physical, psychological, and emotional injuries.

90. As a direct and proximate result of the cruel and unusual punishment inflicted upon Joshua, he suffered permanent and severe physical, psychological, and emotional injuries.

**C.  The Untruthful Reporting of the Incident and the Ratification of Unconstitutional Conduct**

91. Defendant Wilson, operating under the pattern and practice of SRT members in the CCCC, deliberately failed to accurately report the use of force.

92. Defendant Jozwiak, operating under the pattern and practice of SRT members in the CCCC, lied to investigators about being present in the isolation room with Mr. Castlebery and denied that he prevented necessary medical attention to Joshua.

93. Defendants Bodeker and Clark were active participants in the incident with Joshua on February 5, 2018, yet neither wrote a report nor are they mentioned in any of the documents Plaintiff has received in this case.

94. One of the body cam videos produced to Plaintiff in this case was that of Defendant Bodeker, yet there is no mention of him in any responsive documents or video received by Plaintiff in this case.

95. At some point while entering the elevator to transport Joshua in the restraint chair, Defendant Jozwiak inexplicably removes his body cam and gives it to Defendant Clark. Again, there is no mention of this in any of the reports, documents, or videos.

96. Due to the habitual untruthful, incomplete, and inaccurate reporting by Defendant Officers in this case, Plaintiff only learned of the participation of Defendants Bodeker and Clark hours before filing this Amended Complaint.

97. The acceptance and ratification by Defendants Cuyahoga County, Mills, Ivey, Matejka, and Ivey of untruthful, incomplete, and inaccurate reporting is further demonstrated by this important and obviously missing information.

98. Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, and Doe #1, operating under the pattern and practice of the CCCC, deliberately violated the Fourth, Eighth, and Fourteenth amendment rights of Joshua.

99. Defendants Cashin and Does #4-6 deliberately violated the Eighth and Fourteenth amendment rights of Joshua.

100.     The deliberate failure of Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer to train, supervise, and investigate Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, Doe #1, Cashin, and Does #4-6 is obvious here.

101.     Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer engaged in inaction, ratification, and a custom of tolerance and acceptance of illegal and unconstitutional conduct.

102.     Defendant Matjka's report to Defendant Ivey offers absolutely no explanation as to how Joshua received such severe and horrific injuries.

103.     During a monthly Sheriff's meeting on or about February 6, 2018, Dr. Tallman requested to see video footage of Joshua and Defendants Mills and Ivey both told Dr. Tallman that they had personally reviewed video footage and that nothing was done wrong.

104.     Defendant Ivey requested a Disciplinary Board hearing, not to investigate the illegal and unconstitutional conduct was committed by his officers, but to determine the discipline that Joshua should receive.

105.     Defendant Brewer, the Chairperson of the Institutional Discipline Committee, solicited absolutely no information as to how Joshua received such severe and horrific injuries.

106.     The only corrections records with any explanation as to how Joshua's face was so severely injured are in Joshua's accounts.

16

107.    The conduct of Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthan, Pritchett, Bodeker, Clark, and Doe #1 amounted to unnecessary, illegal, unconstitutional, unreasonable, excessive use of force as a form of punishment, conduct that is clearly allowed and ratified by Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer.

108.    The conduct of Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, Doe #1, Cashin, and Does #4-6 amounted to deliberate indifference to Joshua's serious medical needs, conduct that is clearly allowed and ratified by Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer.

109.    The conduct of Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, Doe #1, Cashin, and Does #4-6 amounted to unconstitutional cruel and unusual punishment, conduct that is clearly allowed and ratified by Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer.

## V. CLAIMS

### FIRST CAUSE OF ACTION– § 1983-EXCESSIVE FORCE

110.    Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

111.    Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthan, Pritchett, Bodeker, Clark, Doe #1, Cuyahoga County, Mills, Ivey, Matejka, and Brewer have under color of law, deprived Joshua Castleberry of rights, privileges, and immunities secured to him by the United States Constitution including the right to be free from excessive force under the Fourth Amendment as applied to the States through the Fourteenth Amendments.

112.    Defendant Wilson used excessive force when he illegally, unconstitutionally, unreasonably, and punitively pepper sprayed Joshua in his face.

17

113.     Defendant Wilson used excessive force when he illegally, unconstitutionally, unreasonably, and punitively punched a compliant and handcuffed Joshua repeatedly in the mouth, face, and head.

114.     Defendant Wilson used excessive force when he illegally, unconstitutionally, unreasonably, and punitively kneed a compliant and handcuffed Joshua repeatedly in the chest.

115.     Defendant Wilson used excessive force when he illegally, unconstitutionally, unreasonably, punitively, and violently slammed Joshua's head into the concrete floor.

116.     Defendant Honacker used excessive force when he illegally, unconstitutionally, unreasonably joined in the attack on Joshua and sprayed him in his seriously injured face with pepper spray.

117.     Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthan, Pritchett, Bodeker, Clark, and Doe #1 used excessive force when they illegally, unconstitutionally, unreasonably, and punitively forced Joshua into a restraint chair.

118.     Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthan, Pritchett, Bodeker, Clark, and Doe #1 used excessive force when they illegally, unconstitutionally, unreasonably, and punitively forced a spit mask over Joshua's head causing him to choke on his own blood.

## SECOND CAUSE OF ACTION– 42 U.S.C. §1983 – DELIBERATE INDIFFERENCE AND CRUEL AND UNUSUAL PUNISHMENT

119.     Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

120.     Defendants Mills, Ivey, Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, Doe #1, Cashin, and Does #4-6 have, under color of state law,

18

deprived Joshua Castleberry of rights, privileges and immunities secured by the Eighth and Fourteenth Amendments to the United States Constitution, including but not limited to the right to adequate medical care as a jail inmate.

121.    Defendants Mills, Ivey, Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, Doe #1, Cashin, and Does #4-6 were each deliberately indifferent to the serious medical needs of Joshua Castleberry. These Defendants knew Joshua had been attacked and, as a result, had suffered serious injuries to his head, mouth, and face yet they ignored him for approximately four hours while he suffered.

122.    These Defendants were aware that there was a serious medical need and a substantial risk of serious harm to Joshua and they deliberately disregarded that risk.

123.    These Defendants unreasonably, deliberately, and punitively forced and kept a spit mask over Joshua's head, causing him even more dangerous harm as he was choking on his own blood.

124.    The conduct of Defendants Mills, Ivey, Wilson, Jozwiak, Honacker, Hickerson, Barthan, Pritchett, Bodeker, Clark, Doe #1, Cashin, and Does #4-6 clearly amounts to cruel and unusual punishment in violation of Joshua's constitutional rights.

125.    Defendant Mills and Ivey authorized, approved, and encouraged this unconstitutional conduct.

126.    As a result of these Defendants' conduct, Joshua suffered severe and permanent physical and psychological pain and suffering

## THIRD CAUSE OF ACTION– MONELL CLAIM

127.    Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

128.     Defendants Cuyahoga County's, Mills, Ivey's, Matejka's, and Brewer's policies, patterns, practices, customs, and usages regarding subject control, use of force and the documentation of uses of force were and are a moving force behind the excessive force used on Joshua by Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, and Doe #1.

129.     Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer customarily SRT members and other Cuyahoga County corrections officers and Corporals, to engage in the use of excessive force without being held accountable or disciplined for their misconduct.

130.     Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer failed to train and supervise officers on the use of force and use of force documentation.

131.     Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer failed to enforce policies, procedures, customs, usages, patterns, practices and protocols regarding use of force and documentation of use of force.

132.     Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer failed to supervise and train officers to hold each other accountable when illegal, unconstitutional, and excessive force is utilized in the field.

133.     An investigation into the events involving the Joshua Castleberry, if any, was so incomplete and inadequate as to constitute a ratification by the Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer.

134.     The training and supervision provided by Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer to the Defendant Officers and Defendants Cashin and Does #4-6 identified herein was deliberately indifferent to the safety of the citizens, including citizens such as Joshua.

135.     The conduct of the Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer identified above constitutes a pattern and practice and again amounts to a moving force behind the constitutional violations and injuries inflicted upon Joshua Castleberry.

136.     SRT members and officers in the CCCC consistently use illegal, unconstitutional, and excessive force on inmates in the custody of the CCCC with no investigations into their conduct. Yet they are not held accountable for their conduct.

137.     SRT members, officers, and medical staff in the CCCC consistently, illegally, and unconstitutionally deny inmates access to proper medical care. Yet they are not held accountable for their conduct.

138.     SRT members and officers in the CCCC consistently, illegally, and unconstitutionally inflict cruel and unusual punishment on inmates including Plaintiff Joshua Castleberry. Yet they are not held accountable for their conduct.

139.     SRT members, officers, and medical staff in the CCCC consistently and illegally are permitted to falsely report incidents regarding use of force, denial of medical care, and infliction of cruel and unusual punishment.  This encourages such conduct.

140.     Defendants Cuyahoga County's, Mills, Ivey's, Matejka's, and Brewer's policies, patterns, practices, customs, and usages regarding deliberate indifference to serious medical needs, denial of medical care, and inflicting cruel and unusual punishment upon inmates are a moving force behind the deliberate indifference and cruel and unusual punishment inflicted upon Joshua by Defendants Wilson, Jozwiak, Honacker, Hickerson, Barthany, Pritchett, Bodeker, Clark, Doe #1, Defendant Cashin, and Does #4-6.

141.     This way of doing things is so permanent and well settled in the CCCC that is constitutes a custom, a pattern, and a practice. There have been repeated complaints and

notice to Defendants Cuyahoga County, Mills, and Ivey of constitutional violations by SRT members and officers for excessive force, deliberate indifference, and cruel and unusual punishment, including by Plaintiff Joshua Castleberry.

142.     The conduct described herein constitutes a pattern, practice, custom, habit, and policy of Defendants Cuyahoga Count, Mills, and Ivey.

143.     Defendants Cuyahoga County, Mills, Ivey, Matejka, and Brewer all engaged in inaction, ratification, acquiescence, and customs of tolerance and acceptance which were the moving force behind the constitutional violations suffered by Plaintiff Joshua Castleberry.

## VI. JURY DEMAND

**144.**     Plaintiff hereby demands a trial by jury of all issues triable by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court:

A.     Award Plaintiff compensatory damages in an amount to be shown at trial;

B.     Award Plaintiff punitive damages in an amount to be shown at trial (except as to the County);

C.     Award Plaintiff reasonable attorney's fees, costs and disbursements;

D.     Award Pre and post judgment interest;

E.     Compel Defendants to engage in positive changes related to customs, practices, habits, and policies;

F.     Grant Plaintiff such additional relief as the Court deems just and proper.


                                                    /s/ Sara Gedeon
                                                    David B. Malik (0023763)

Sara Gedeon (0085759)
Malik Law
8437 Mayfield Road Suite 101
Chesterland, Ohio 44026
(440) 729-8260
(440) 490-1177
david@davidmaliklaw.com
sgedeon1021@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2020, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


/s/ Sara Gedeon
Sara Gedeon (0085759)