IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA CASTLEBERRY, | ) | CASE NO.: 1:20 CV 218 |
|    Plaintiff, | ) | |
| vs. | ) | JUDGE DONALD C. NUGENT |
| CUYAHOGA COUNTY, *et al.*, | ) | |
|    Defendants. | ) | <u>MEMORANDUM OPINION</u><br><u>AND ORDER</u> |

This matter is before the Court on Defendant, Kristina Cashin, RN's Motion for Judgment on the Pleadings. (ECF #24). Plaintiff filed an Opposition, and Defendant, Ms. Cashin, filed a Reply in support of her motion. (ECF #30, 31). Defendant seeks dismissal of claims made against her both in her official and individual capacity. After careful consideration of the pleadings and a review of all relevant authority, Ms. Cashin's motion is GRANTED in part and DENIED in part.

## FACTUAL AND LEGAL OVERVIEW[1]

Plaintiff, Joshua Castleberry, filed this action against Ms. Cashin and several other Defendants under 42 U.S.C. § 1983. The Complaint alleges that the Defendants violated Mr. Castleberry's civil rights under the Eighth and Fourteenth Amendments of the United States Constitution. (ECF #1). Plaintiff subsequently filed two Amended Complaints. (ECF #3, 20). The Second Amended Complaint ("Complaint") includes claims against Ms. Cashin, which accuse her of failing to provide proper and/or timely care to Mr. Castleberry when he was brought to her for evaluation during his pre-trial detention.

Mr. Castleberry alleges that he was being housed in the Cuyahoga County Corrections Center ("CCCC") on February 5, 2018, when he was pepper sprayed and beaten for complaining to a guard. He claims that he was then fitted with a spit mask and forced into a restraint chair. At the time of the incident, Ms. Cashin was a nurse employed by CCCC. Mr. Castleberry claims that after he had been put in the spit mask and the restraint chair, he was brought to Ms. Cashin for evaluation. He alleges that he was bleeding profusely from his mouth and nose, had two missing teeth and another lodged in his nasal cavity. He also claims that he had been choking on his own blood and had other obvious signs of serious injury.

According to Mr. Castleberry, Ms. Cashin cleared him for transport to a restraint room without ever asking that the spit mask be removed, without taking his vital signs, and without providing any medical care for his obvious injuries. He claims that she deliberately lied on his chart, indicating that he had no lacerations to the mouth inside or out. When he was later seen by

---

[1] The facts as stated in this Memorandum and Order are taken from the Complaint and should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party.

a different nurse, she noted that he had a bloody open laceration to the right eyelid, a bloodied mouth with missing front teeth, and a misshapen nose. This other nurse contacted the medical director and requested that Mr. Castleberry be sent to the dispensary, but no action was taken. Approximately forty minutes later, Ms. Cashin contacted the medical director and a decision was made to transport Mr. Castleberry to the hospital. It allegedly took yet another hour before Mr. Castleberry was transferred to the dispensary and released from the restraint chair. He was subsequently sent to the hospital and received treatment. Mr. Castleberry claims that by failing to timely acknowledge and treat his injuries, and by clearing him for transport to the restraint room, Ms. Cashin subjected him to a unnecessary period of excruciating pain and fear of death, prior to his eventual transfer to the hospital.

## STANDARD OF REVIEW

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). In evaluating a motion for dismissal under Rule 12(c), the district court must consider the pleadings and affidavits in a light most favorable to the non-moving party.

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 550

U.S. 89, 93-94 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a cause of action fails to state a claim if it lacks plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). Detailed factual allegations are not required, but the plaintiff must provide more than unadorned accusations and blanket statements. *Id* at 570. The Complaint must include sufficient "factual content to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

1. <u>Official Capacity</u>

There are different pleading approaches for official-capacity claims against individual actors in section 1983 cases. The Sixth Circuit has stated that "a section 1983 action against a city official in his or her official capacity is treated as an action against the [governmental agency] itself." *Schamaeizadeh v Cunigan,* 338 F.3d 535, 556 (6th Cir. 2003); *see also, Petty v. Cnty of Franklin, Oh.*, 478 F.3d 341, 349 (6th Cir. 2007)("official capacity claims represent a different way of pleading a cause of action against an entity of which the official is an agent and such a suit is 'nothing more than a suit against [the] County itself.'"); *Briner v. City of Ontario*, 370 F. App'x 682, 699 (6th Cir. 2010). Some district courts have taken this to mean that official-capacity claims against a governmental agent should be dismissed as duplicative when the plaintiff has also named the governmental entity as a defendant. *See, e.g., Frieg v. City of Cleveland*, No. 12-cv-02455, 2013 U.S. Dist. LEXIS 88323, *4 (N.D. Ohio June 23, 2013); *Laning v. Doyle*, No. 3:14-cv-24, 2015 U.S. Dist. LEXIS 19424, *9-10 (S.D. Ohio Feb. 18, 2015); *Thorpe ex rel. DT v. Breathitt Cnty. Bd. of Educ.*, 932 F. Supp.2d 799, 802 (E.D. Ky 2013). Others believe that early

dismissal of official capacity claims is neither required nor preferred. *See, e.g., Baker v. Cnty. of Macomb*, No. 13-13279, 2015 U.S. Dist. LEXIS 129936 (E.D. Mich. Sept. 28, 2015)(citing *Baar v. Jefferson Cnty. Bd. of Educ.*, 476 F. App'x 621, 635 (6th Cir. 2012)). Whether or not it is required, the Court finds that dismissal of official-capacity claims is permitted and judicious when the reasonable entity is also named as a defendant in the case. In this case, the official-capacity claims against Ms. Cashin are duplicative of claims brought against Cuyahoga County, and are, therefore, redundant. The Sixth Circuit has upheld the dismissal of governmental agents in their official capacity when the governmental entity is also sued, finding that naming both is superfluous. *See, Faith Baptist Church v. Waterford Twp.*, 522 Fed. App'x 322, 328 (6th Cir. 2013). Thus, the official capacity claims against Ms. Cashin are dismissed.

2. Individual Capacity

Ms. Cashin also argues that the individual claims against her should be dismissed because the factual allegations in the Complaint are not sufficient to establish a claim under the Eighth or Fourteenth Amendments.[2] Plaintiff invoked the Fourteenth Amendment because Mr. Castleberry was in pre-trial detention at the time of the incident and they believe the Fourteenth Amendment is the appropriate means of addressing a failure to provide medical care prior to conviction. The Fourteenth Amendment analysis of such claims mirrors that Eighth Amendment's deliberate indifference standard. *Roberts v. City of Troy*, 773 F.2d 720, 722 (6th Cir. 1985); *see also, United States v. Budd*, 496 F.3d 517, 530 (6th Cir. 2007). Consequently, the Court will merge the

---

[2] Ms. Cashin mistakenly addressed Plaintiff's Fourteenth Amendment claim as a claim for violation of the Equal Protection clause of the U.S. Constitution. Both parties agree that the Complaint does not assert a claim on this grounds.

discussion of the Fourteenth Amendment and Eighth Amendment claims below.

A claim for improper medical treatment of pre-trial detainees or convicted prisoners must properly allege that the Defendant, under color of state law, deprived the Plaintiff of his rights, by exhibiting deliberate indifference to his serious medical needs. *See, Estelle v. Gamble*, 429 U.S. 97, 104-06, 97 S. Ct. 285 (1976). Defendants do not challenge that Ms. Cashin was acting under color of state law as a nurse at CCCC at the time of the incident, nor do they challenge the seriousness of Mr. Castleberry's injuries. Rather, she argues that the Complaint does not properly support the subjective component of a deliberate indifference claim.

Deliberate indifference lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other, the Courts of Appeals have routinely equated deliberate indifference with recklessness. It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970 (1994). More succinctly, deliberate indifference occurs when a defendant, "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847. "An Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842 (citations omitted). In order to establish the subjective component of deliberate indifference, the plaintiff must show that the official "(1) subjectively perceived facts from which to infer substantial risk to the prisoner, (2) did in fact draw that inference, and (3) disregarded that risk." *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013). "Whether a prison official had the

requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Farmer,* 511 U.S. at 842. (citations omitted).

Plaintiff's Complaint sufficiently alleges that Ms. Cashin exhibited deliberate indifference t his serious medical needs. He does not claim that his failure to receive treatment was inadvertent or negligent, or that he received some treatment that was inadequate under the circumstances. Rather, he claims that he presented to Ms. Cashin with severe and obvious injuries which she intentionally ignored. He claims that she failed to perform any examination whatsoever despite his condition and that she failed to suggest removing the spitmask which created a choking hazard because he was bleeding profusely and visibly from his mouth. He also alleges that Ms. Cashin lied about his condition in her notes, and it was not until another nurse later acknowledged and reported his actual condition that Ms. Cashin acknowledged his need for medical treatment. The facts alleged are sufficient to permit an inference that Ms. Cashin had a subjective knowledge of Mr. Castleberry's injuries, and to suggest that she understood the risk presented by allowing Mr. Castleberry to be transported and kept in the restraint room rather than receiving immediate evaluation and treatment.

Defendant also contends that Mr. Castleberry has not established any addressable harm because, at most, Ms. Cashin's alleged failure to promptly address his injuries resulted in only an hour's delay of treatment. Setting aside any factual dispute as to the length of time Mr. Castleberry claims he suffered unnecessary delay, even an hour's delay in providing treatment, if it meets the deliberate indifference standard, can result in cognizable harm because it "may result in pain and suffering which no one suggests would serve any penological purpose." *Estelle,* 429

*U.S.* at 103. The Complaint provides sufficient factual allegations to support a claim that Ms. Cashin acted with deliberate indifference to Mr. Castleberry's serious medical needs, and that he, consequently, suffered a redressable harm.

## CONCLUSION

For the reasons set forth above. Defendant Kristina Cashin's Motion for Judgment on the Pleadings is GRANTED in part and DENIED in part. (ECF #24). All claims against Ms. Cashin in her official capacity are dismissed. The claims against Ms. Cashin in her individual capacity shall remain pending. IT IS SO ORDERED.

 _____
 DONALD C. NUGENT
 United States District Judge

DATED: June 16, 2020