IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSHUA CASTLEBERRY, ) | CASE NO.: 1:20 CV 218 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | JUDGE DONALD C. NUGENT |
| ) | |
| CUYAHOGA COUNTY, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ) | |

This matter is before the Court on Defendants, Eric Ivey, Ken Mills, John Wilson, Jason A. Jozwiak, Brandon Honacker, Barry Hickerson, Frederick Barthany, Randy Pritchett, Donald F. Matejka, William Brewer, and Damein Bodeker's Motion to Dismiss Official Capacity Claims. (ECF #28). Plaintiff filed an Opposition, and the above listed Defendants filed a Reply in support of their motion. (ECF #29, 32). Defendants seek dismissal only of the claims made against them in their official capacity. After careful consideration of the pleadings and a review of all relevant authority, the motion is GRANTED.

## FACTUAL AND LEGAL OVERVIEW[1]

Plaintiff, Joshua Castleberry, filed this action against several Defendants under 42 U.S.C. § 1983, including Eric Ivey, Ken Mills, John Wilson, Jason A. Jozwiak, Brandon Honacker, Barry Hickerson, Frederick Barthany, Randy Pritchett, Donald F. Matejka, William Brewer, and Damein Bodeker (collectively "the moving Defendants"). The Second Amended Complaint ("Complaint") alleges that the Defendants violated Mr. Castleberry's civil rights under the Eighth and Fourteenth Amendments of the United States Constitution. (ECF #20).

Mr. Castleberry's Complaint alleges that he was being housed in the Cuyahogoa County Corrections Center ("CCCC") on February 5, 2018, when he was pepper sprayed and beaten for complaining to a guard. He claims that he was then fitted with a spit mask and forced into a restraint chair where he proceeded to choke on his own blood. Mr. Castleberry claims that after he had been put in the spit mask and the restraint chair, he was brought to the dispensary. He alleges that he was bleeding profusely from his mouth and nose, had two missing teeth and another lodged in his nasal cavity. He also claims that he had other obvious signs of serious injury. Mr. Castleberry contends that the nurse at the dispensary cleared him to be kept in the restraint room in deliberate indifference to his obvious serious medical needs.

Mr. Castleberry further claims that Defendants Mills, Ivey, Matejka, and Brewer failed to report, review, and conduct a meaningful and adequate investigation into the allegations of illegal

---

[1] The facts as stated in this Memorandum and Order are taken from the Complaint and should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Plaintiff.

use of force, deliberate indifference to serious medical needs, and actions amounting to cruel and unusual punishment. The Complaint alleges that at the time of the incident all of the moving Defendants were agents/employees of Defendant Cuyahoga County.

## STANDARD OF REVIEW

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). In evaluating a motion for dismissal under Rule 12(c), the district court must consider the pleadings and affidavits in a light most favorable to the non-moving party.

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 550 U.S. 89, 93-94 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a cause of action fails to state a claim if it lacks plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). Detailed factual allegations are not required, but the plaintiff must provide more than unadorned accusations and blanket statements. *Id* at 570. The Complaint must include sufficient "factual content to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

There are differing approaches to pleading official-capacity claims against individual actors in section 1983 cases. The Sixth Circuit has stated that "a section 1983 action against a city official in his or her official capacity is treated as an action against the [governmental agency] itself." *Schamaeizadeh v Cunigan,* 338 F.3d 535, 556 (6th Cir. 2003); *see also, Petty v. Cnty of Franklin, Oh.*, 478 F.3d 341, 349 (6th Cir. 2007)("official capacity claims represent a different way of pleading a cause of action against an entity of which the official is an agent and such a suit is 'nothing more than a suit against [the] County itself."); *Briner v. City of Ontario*, 370 F. App'x 682, 699 (6th Cir. 2010); *Claybrook v. Birchwell*, 199 F. 3d 350, 355 n.4 (6th Cir. 2000)(citing *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099 (1985)). Many courts have taken this to mean that claims against a governmental agent, in his or her official capacity, should be dismissed as redundant when the plaintiff has also named the governmental entity as a defendant. *See, e.g., Ruffin v. Cuyahoga Cnty.,* N.D. Ohio No. 1:16 CV 640, 2016 U.S. Dist. LEXIS 117398, at *6 (Aug. 31, 2016); *Fried v. City of Cleveland*, No. 12-CV-02455, 2013 U.S. Dist. LEXIS 88323, *4 (N.D. Ohio June 23, 2013); *Lacing v. Doyle*, No. 3:14-CV-24, 2015 U.S. Dist. LEXIS 19424, *9-10 (S.D. Ohio Feb. 18, 2015); *Thorpe ex rel. DT v. Breathed Cnty. Bd. of Educ.*, 932 F. Supp.2d 799, 802 (E.D. Ky 2013). Others courts maintain that early dismissal of official capacity claims is neither required nor favored. *See, e.g., Baker v. Cnty. of Macomb*, No. 13-13279, 2015 U.S. Dist. LEXIS 129936 (E.D. Mich. Sept. 28, 2015)(citing *Baar v. Jefferson Cnty. Bd. of Educ.*, 476 F. App'x 621, 635 (6th Cir. 2012)). Despite earlier voicing its reservations to early dismissal of official-capacity claims in *Baar*, the Sixth Circuit has more recently upheld the dismissal of governmental agents in their official capacity, so long as the governmental entity is

also sued. In doing so, it specifically held that in such circumstances, naming both is superfluous. *See, Faith Baptist Church v. Waterford Twp.*, 522 Fed. App'x 322, 328 (6th Cir. 2013); see also, *Foster v. Michigan,* 573 F. App'x 377, 389-90 (6th Cir. 2016)("Where the entity is named a defendant, an official-capacity claim is redundant.").

Therefore, although there is no dispute that it is not required, the Court finds that early dismissal of official-capacity claims is both permitted and preferential when the municipal entity is also named as a defendant in the case. In this case, the official-capacity claims against the moving Defendants are duplicative of claims brought against Cuyahoga County, and are, therefore, superfluous. Thus, the official capacity claims against the Defendants are dismissed.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss Official Capacity Claims Against Ken Mills, Eric J. Ivey, John Wilson, Jason A. Jozwiak, Brandon Honacker, Barry Hickerson, Frederick Barthany, Randy Pritchett, Donald F. Matejka, William Brewer, and Damein Bodeker is GRANTED. (ECF #28). All claims against the moving Defendants, in their official capacity are dismissed. Any claims against these Defendants in their individual capacity shall remain pending. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 16, 2020